This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PENNYMAC MORTGAGE INVESTMENT TRUST HOLDINGS I, LLC,**

> **Plaintiff-Appellee,**

**v.**                                                    **No. 34,982**

**PETE D. SALAZAR,**

> **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

Akerman LLP
Ashley E. Calhoun
Denver, CO

Weinstein & Riley, P.S.
Jason Bousliman
Albuquerque, NM

for Appellee

JRSPC, LLC
Joshua R. Simms

Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1} Homeowner Pete D. Salazar appeals from the district court's entry of a decree of foreclosure and order grating summary judgment in favor of Plaintiff Pennymac Mortgage Investment Trust Holdings I, LLC. [RP 142] We issued a notice of proposed disposition proposing to affirm, and Homeowner has responded with a memorandum in opposition. We have considered the arguments raised in that memorandum; however, for the reasons stated in the notice of proposed disposition and below, we continue to believe that summary affirmance is appropriate in this case. We therefore affirm the district court's decision.

{2} In our notice, we proposed to hold that Plaintiff established its standing as a holder in due course of the note on the basis that it had possession of the original note, indorsed in blank, at the time of the filing of the complaint and also had a valid mortgage assignment. [RP 1-5, 7-9, 39-40] *See Bank of New York v. Romero*, 2014-NMSC-007, ¶ 26, 320 P.3d 1 ("[W]e agree . . . that if the . . . note contained only a blank indorsement . . ., that blank indorsement would have established the [plaintiff bank] as a holder because [it] would have been in possession of bearer paper [at the

2

time it filed the complaint.]"); *Deutsche Bank Nat'l Trust Co. v. Beneficial N.M. Inc.*, 2014-NMCA-090, ¶ 14, 335 P.3d 217 (describing a valid mortgage assignment and noting that an assignment is "separate from the note and does not by itself transfer ownership of the note"), *cert. granted*, 2014-NMCERT-008 (No. 34,726, Aug. 29, 2014). Relying on *Romero* and this Court's recent opinion in *Flagstar Bank FSB v. Licha*, 2015-NMCA-086, ¶ 17, 356 P.3d 1102, we also proposed to reject any challenge to standing based on the validity of a mortgage assignment by Mortgage Electronic Registration Systems, Inc. (MERS).

{3} In response, Homeowner filed a memorandum in opposition that is completely unresponsive to this Court's proposed disposition. Rather, he continues to challenge the MERS assignment and MERS' ability to assign the rights to enforce the mortgage. [MIO 2] He further asserts that "without definitive instruction from a definitive principal as authority, MERS, or a MERS assignee, as agent has no authority to exercise the mortgage." [MIO 2] Homeowner makes no attempt to explain why the case law set forth in the proposed disposition does not control. *See Hennessy v. Duryea,* 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (holding that a party opposing summary disposition has the burden to clearly point out errors in fact or law contained in the notice of proposed disposition). Further, he fails to supply citations to either case law or to the record. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031,

¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Under these circumstances, we conclude that our proposed disposition was correct.

{4}    Accordingly, based on the foregoing discussion and our notice of proposed disposition, we affirm.

{5}    **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**RODERICK T. KENNEDY, Judge**